# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
February 21, 2017

Plaintiff-Appellee,

v

No. 329903
Wayne Circuit Court
LC No. 14-007333-01-FC

TIMOTHY RODRICK ROBINSON,

Defendant-Appellant.

Before: STEPHENS, P.J., and SERVITTO and SHAPIRO, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] an order granting in part his motion to withdraw plea or for specific performance of his plea agreement.

Defendant was charged with arson and several other offenses as a habitual offender.[2] At the time of these offenses, defendant was on parole from previous convictions for which he had been sentenced on July 26, 2001. Defendant pleaded no contest to arson pursuant to a charge/sentencing bargain stated on the record at his plea hearing. The prosecutor agreed to drop all other charges and stated that, although defendant was on parole at the time of the crime, the parole "would be closed," i.e. his prior sentence would not resume, and the only sentence he would be required to serve was the 10 to 20 year term agreed to on the arson charge. The relevant colloquy reads as follows:

> The Court: And to the Prosecution I understand that there is a settlement offer and notice of acceptance.

---

[1] *People v Robinson*, unpublished order of the Court of Appeals, entered December 30, 2015 (Docket No. 329903).

[2] Defendant was also charged with assault with intent to murder, MCL 750.83, the manufacture/possession of a Molotov cocktail/explosive or incendiary device causing property damage, MCL 750.211a, felon in possession of a firearm, MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant also faced a second offense enhancement for a previous felony-firearm conviction and a sentence enhancement as a fourth habitual offender, MCL 769.12.

-1-

Prosecutor: There is, your Honor. We have offered for the defendant to plead to count two, arson in the second degree. The People would dismiss the remaining counts and withdraw the habitual notice with a sentence agreement of 10 years to 20 years in the Michigan Department of Corrections. Now I understand the last time this case was up in court there was an issue to whether or not this would result in a violation of parole. We have looked into that and the information that I received from Agent Vanessa Butler of the Lawton Officer [sic] who I believe is the defendant's parole agent is that if he pleads guilty on this case they will close out his current parole. So technically, it would be a violation but [Butler is] not going to report it. It would just result in a new term of parole no additional incarceration. *So, essentially per [Butler] they're going to close out [defendant's] other parole and he will just be serving the 10 years to 20 years on this case.* [Emphasis added.]

Defense counsel: That's how I understand it also . . . . Parole is not in a position to put things in writing. . . . But what they have represented twice is exactly what the prosecution just laid down.

The Court: All right. I'll operate under the assumption that all of this is in place. . . . Mr. Robinson, did you hear and understand the agreement that was placed on the record by the attorneys?

Defendant: Yes.

The Court: Is this what you've agreed to do?

Defendant: Yes.

Just before the hearing concluded, defense counsel raised the question of how the Court would proceed if the probation department did not act in the manner they had represented. The judge responded, "I have stated on the record that, you know I am relying on the work that the prosecution and [defense counsel] have done on this issue. Let's not worry about problems that don't exist yet."

The record contains no further information concerning any decisions by the probation department to "close out" defendant's parole. On the original Judgment of Sentence, the trial court did not check the box that, if checked, directs that defendant's sentence be consecutive to any other sentence. However, after receiving a letter from the DOC indicating that it automatically considers all parolees who commit new crimes to be in violation of their parole, the trial court issued an Amended Judgment of Sentence that provided the sentence would be consecutive to parole. According to defense counsel's representation, the department then calculated his combined maximum discharge date as ending in 2057.[3] Defendant brought a

---

[3] When a defendant is to serve consecutive sentences, the DOC does not make two separate parole determinations, i.e. it does not discharge a prisoner from one sentence at which point he

motion to withdraw plea, and, after a hearing, the trial court issued a second Amended Judgment of Sentence that specifically provided that the sentence for the arson conviction would be "concurrent to parole."

Neither party has provided us with information as to the time remaining on defendant's maximum term from his 2001 sentences. The 20 year maximum for the arson charge was imposed on December 19, 2014, and so his 20 year maximum term for that crime should end on December 18, 2034. We take judicial notice of the DOC information provided on OTIS regarding defendant as of release of this opinion. That report states that his earliest possible release date (i.e. the expiration of his minimum terms) is December 18, 2024 and that his maximum term will expire on January 28, 2038. Thus, although it appears that defendant's maximum term as calculated by the DOC has been reduced by about 19 years since issuance of the trial court's third judgment of sentence, it still reflects a maximum sentence of a little more than three years longer than that which would be served for the arson sentence alone.

Therefore, defendant did not receive the full benefit of the plea bargain placed on the record, and he is entitled to relief. We cannot order specific performance as defendant requests since the plea bargain promised a sentence that did not comply with MCL 768.7a(2). Accordingly, we remand to allow defendant to withdraw his plea should he choose to do so in which case he would be afforded a trial on the original charges with any resulting sentences to be served consecutively to the full balance of his term remaining on his 2001 sentence. We do not retain jurisdiction.

/s/ Cynthia Diane Stephens
/s/ Deborah A. Servitto
/s/ Douglas B. Shapiro

---

begins to serve the other. Rather, the Department combines the defendant's minimum sentences to establish a single combined minimum and combines his maximum sentences to establish a single combined maximum. MCL 791.234(4). For example, a prisoner sentenced to consecutive terms of 5 to10 years and 10 to 20 years will become eligible for parole after 15 years (the combined minimum terms) and will be entitled to discharge after 30 years (the combined maximum terms).